## MISSOURI, K. & T. RY. CO OF TEXAS v. DAY.

(Court of Civil Appeals of Texas. May 13, 1911. Rehearing Denied June 3, 1911.)

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Action by L. F. Day against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. On answer to questions certified to the Supreme Court, judgment affirmed.

For answers to questions by Supreme Court, see 136 S. W. 435.

Coke, Miller & Coke and G. C. Groce, for appellant. R. D. Thompson, C. E. Mead, and Farrar, McRae & Kemble, for appellee.

RAINEY, C. J. Appellee sued the appellant railway company to recover damages for personal injuries inflicted upon him about the 6th day of August, 1907, by one Jim Milam, a servant of appellant. Both Milam and Day were members of the bridge gang, and it was alleged that Milam was assistant foreman and in authority over Day. A recovery was sought upon the ground that the appellant was negligent in employing Milam and retaining him in its service. A trial resulted in a judgment against the appellant in favor of Day, and the appellant has appealed to this court.

It was shown by practically uncontroverted evidence that in August, 1907, appellee, the witnesses Harrison, Bush, Turner, Diffie, and Brown, with one Jim Milam and other parties, under the witness Irby as foreman, constituted a bridge and building gang in the services of appellant. Jim Milam was 'straw boss,' or 'scratch boss,' or assistant foreman. In the absence of the foreman, he had supervision over and directed the gang. The foreman, when present, controlled the gang; but Milam was expected to lead in the work, and the foreman would tell him what he wanted done, and he (Milam) would tell the men, and to this extent they were under him, even when the foreman, Irby, was present. Milam had no authority to employ or discharge hands. The only author-

ity he had in that regard, even in the absence of Irby, was to report men who did not do to suit him, and Irby discharged or not, as he saw fit. On August 6, 1907, the gang was at work, at Circleville, in Williamson county, in loading on the cars the material of a water tank that had been torn down. Irby, the foreman, was with the gang. While engaged in this work Milam wantonly and without provocation made an assault on Day with a knife, inflicting on him serious wounds. Milam had the reputation of being quick-tempered, quarrelsome, and addicted to intoxicants. Such was his reputation when the appellant employed him, a few months before; but there was no evidence that appellant did or did not make an investigation of Milam's character or fitness before employing him.

We certified to the Supreme Court for answer two questions. The answer to either, if in the affirmative, would authorize an affirmance of this case. The questions certified were:

(1) "Under the foregoing evidence, was the jury justified in finding that appellant was negligent in employing and retaining Milam in its service; and, if so, was the negligence such as to make appellant liable to Day for the injuries inflicted by Milam?"

(2) "Was the position of Milam, that of 'straw boss,' as stated, such as to render the appellant liable for the act of Milam in injuring Day, under the circumstances stated?"

In answer to the first question, it was held that the evidence was sufficient to show liability on the part of appellant for the injuries inflicted on Day by Milam. Such being the holding of the Supreme Court, and the jury having so found by their verdict, we, in accordance therewith, hold the appellant was liable for Milam's acts.

To the second question, the Supreme Court returned an answer to the effect that appellant was not liable by reason of Milam holding the position of *under-boss*.

For a statement of the facts and a discussion of the principles involved, see Railway Co. v. Day, 136 S. W. 435.

The judgment is affirmed.